IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CEDRIC ROSE, § | |
|     Movant, § | |
| § | No. 3:22-cv-00699-M (BT) |
| V. § | No. 3:07-cr-00169-M-1 |
| § | |
| UNITED STATES OF AMERICA, § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Cedric Rose filed a *pro se* letter, received on March 25, 2022, addressed to the District Court. (ECF No. 2.) For the following reasons, the Court should construe the letter as a successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and transfer the § 2255 motion to the Fifth Circuit Court of Appeals as successive.

I.

Following a bench trial conducted on May 5, 2008, the Court found Rose guilty of (1) possession with intent to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) (count one); (2) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (count two); and (3) being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1) (counts three and four). On August 13, 2008, the Court sentenced Rose to a total aggregate term of life imprisonment. Rose appealed his case to the Fifth

1

Circuit, and on November 6, 2009, the Fifth Circuit affirmed his conviction and life sentence. Thereafter, Rose filed four motions under 28 U.S.C. § 2255 to vacate, set-aside, or correct his sentence. *See Rose v. United States*, No. 3:11-cv-417-P; *Rose v. United States*, No. 3:14-cv-298-P, *Rose v. United States*, No. 3:16-cv-2232-M-BT; *Rose v. United States*, No. 3:21-cv-1273-M-BT.

On March 25, 2022, the Court received Rose's letter, in which he states that his "arraignment was unconstitutional." Mot. 1 (ECF No. 2). He further asserts, "I am doing (time) for somebody else['s] drugs," and "I am wrongfully locked-up." *Id.*

Section 2255 provides four grounds that justify relief for federal prisoners who challenge the imposition or length of their sentence:

(1) the sentence was imposed in violation of the Constitution or laws of the United States;

(2) the court was without jurisdiction to impose such sentence;

(3) the sentence was in excess of the maximum authorized by law; or,

(4) the sentence is otherwise subject to collateral attack.

28 U.S.C. § 2255(a).

In his letter, Rose appears to attack his conviction and sentence. Consequently, the Court should construe Rose's letter as a motion under § 2255.

2

II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255(h). This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2244(b)(3) and 2255(h).

Rose has previously filed other motions to vacate, set-aside, or correct his sentence. The Court received Rose's first § 2255 motion on March 1, 2011. *See Rose v. United States*, No. 3:11-cv-417-P. On August 22, 2012, the Court dismissed that motion with prejudice, entered judgment, and denied a certificate of appealability.

Then, on January 24, 2014, the Court received Rose's second § 2255 motion. *See Rose v. United States*, No. 3:14-cv-298-P. On January 28, 2014, the Court found the motion was successive, directed that it be transferred to

3

the Fifth Circuit Court of Appeals, denied a certificate of appealability, and entered judgment. On January 29, 2014, the Fifth Circuit denied Rose's request for authorization to file a successive § 2255 motion. *See In re: Cedric Rose*, No. 14-10112 (5th Cir. 2014).

On June 3, 2016, Rose, through appointed counsel, filed a third § 2255 motion. *See Rose v. United States*, Case No. 3:16-cv-2232-M-BT. The same day, Rose filed a motion for authorization to file a successive § 2255 motion in the Fifth Circuit. *See In re Cedric Rose*, No. 16-10718 (5th Cir.). On August 1, 2016, the Fifth Circuit granted Rose's motion for authorization with respect to his claim under the Armed Career Criminal Act (ACCA) and transferred the case to this Court for further proceedings. On January 20, 2022, the undersigned magistrate judge entered findings and conclusions, recommending that the Court grant the Government's motion to dismiss and dismiss Rose's successive § 2255 motion, as amended. On February 17, 2022, Rose's appointed counsel filed objections, and the case remains pending.

On May 27, 2021, Rose filed his fourth § 2255 motion. *See Rose v. United States*, No. 3:21-cv-1273-M-BT. On July 12, 2021, the Court found that the motion was successive, directed that it be transferred to the Fifth Circuit Court of Appeals, and entered judgment. On October 8, 2021, the Fifth Circuit denied Rose's motion to file a successive § 2255 motion.

Rose fails to demonstrate that he obtained permission from the Fifth Circuit to file a successive § 2255 motion. Therefore, the Court should TRANSFER his March 25, 2022 letter motion to the Fifth Circuit pursuant to *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

### III.

For the foregoing reasons, the undersigned recommends that the Court construe Rose's March 25, 2022 letter as a successive motion to vacate, set-aside, or correct sentence under 28 U.S.C. § 2255 and TRANSFER the § 2255 motion to the Fifth Circuit pursuant to *In re Epps,* 127 F.3d 364, 365 (5th Cir. 1997).

Signed March 29, 2022.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).